# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | I.D. Nos: 1004015937A |
| | ) | 1709009617 |
| RICHARD IVERSON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**AND NOW TO WIT**, this 5th day of March, 2019, upon consideration of Defendant's Motion captioned "[Section] 3901 Fixing Term of Imprisonment Under House Bill #42," the sentence imposed upon the Defendant, and the record in this matter, it appears to the Court that:

1. On April 26, 2010, Defendant was indicted by a Grand Jury of Murder in the First Degree, Robbery in the First Degree, Possession of a Firearm During the Commission of a Felony, Possession of a Firearm by a Person Prohibited, and Receipt of a Stolen Firearm. On May 11, 2011, Defendant pled guilty to the lesser included offense of Murder in the Second Degree and to Possession of a Firearm During the Commission of a Felony. As to the lesser included offense of Murder in the Second Degree, Defendant received 19 years of Level V incarceration, of which 15 years was a mandatory minimum period. As to Possession of a Firearm During the Commission of a Felony, Defendant received a total 5 years mandatory minimum

Level V incarceration. In total, Defendant received 24 years at Level V incarceration, including 20 years of minimum mandatory time, with periods of probation to follow.[1]

2.      Defendant moves for a third time[2] to modify his sentence under Delaware Superior Court Criminal Rule 35.[3]  Defendant previously argued unsuccessfully for modification claiming he was unaware that his sentence could exceed the mandatory minimum term of 20 years.  This Court found that his argument for reduction was not supported by the record.[4]

---

[1] On March 5, 2018, Defendant pled guilty to the charge of Criminal Solicitation in the Second Degree for Case ID No. 1709009617. On June 22, 2018, Defendant was Sentenced to 1 year of Level V incarceration followed by various Levels of probation. The imposed Level V sentence in this case was ordered to run consecutive to any sentence Defendant was serving.

[2] *See* Motion for Modification, *State v. Iverson*, ID No. 1004015937A, D.I. 66 (Del. Super. June 3, 2011); Motion for Correction of an Illegal Sentence Pursuant to Superior Court Criminal Rules, Rule 35(a), 61(i)(5), *State v. Iverson*, ID No. 1004015937A, D.I. 82 (Del. Super. July 11, 2014).

[3] Defendant's prayer for relief then, as is here, is a request for modification of his sentence. Therefore, this Court will analyze the motion under Delaware Superior Court Criminal Rule 35. *See* Super. Ct. Crim. R. 35(b) ("The court may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed. . .. The court will consider an application made more than 90 days after the imposition of sentence only in extraordinary circumstances or pursuant to 11 *Del. C.* § 4217.").

[4] *See* Order, *State v. Iverson*, ID No. 1004015937A, D.I. 83 (Del. Super. Oct. 27, 2014).  This Court previously found that the Truth-in-Sentencing Form clearly identified that the charges to which Defendant pled guilty carried a statutory penalty of 15 years to life imprisonment and the plea paperwork sets out clearly the State's recommendation of up to 30 years.  This Court's imposition of 24 years was well within the statutory guidelines and fell below the State's recommendation.  This Court also noted that the sentence imposed was legal and appropriate under the Delaware Sentencing Accountability Commission Guidelines, and remained as such for all the reasons stated at the time of sentencing.

3. Defendant's Motion now requests that this Court modify his sentence to run his period of incarceration concurrently.[5] He appears to argue that "Subsection 297 and Volume 79 of the Laws of Delaware" permit such relief. He also cites to "Section 3901 under House Bill 42" as the basis of his current motion. The Court accepts that he is referencing the provisions found under 11 *Del. C.* § 3901(d). His argument is misplaced.

4. Section 3901(d) was amended in 2014 to clarify that this Court "shall direct whether the sentence of confinement of any criminal defendant...shall be made to run concurrently or consecutively" to any other sentence of confinement.[6] However it further provides that "no sentence of confinement of any criminal defendant...shall be made to run concurrently with any other sentence of confinement imposed on such criminal defendant for any conviction" of specific crimes, including Murder in the Second Degree and Possession of a Firearm During the Commission of a Felony.[7] This Court previously denied his first motion in 2011 for the same reasons.[8] Any changes to 11 *Del. C.* § 3901(d) since that ruling in 2011

---

[5] *See* Motion §3901 Fixing Term of Imprisonment Under House Bill #42, *State v. Iverson*, ID No. 1004015937A, D.I. 91 (Del. Super. Jan. 11, 2019).

[6] 11 *Del. C.* § 3901(d).

[7] *Id.*

[8] *See* Order, *State v. Iverson*, ID No. 1004015937A, D.I. 81 (Del. Super. Aug. 4, 2011).

do not impact Defendant's sentence because both § 3901(d) and 11 *Del. C.* § 1447A(e), even as amended, still prohibit a sentence imposed for either Murder in the Second Degree or Possession of a Firearm During the Commission of a Felony to run concurrent with any other sentence.[9] Thus, Defendant's argument for relief on this basis is meritless.

5. His Rule 35 Motion is filed beyond the 90-day time limit and is also untimely and time-barred.[10] In order to overcome the 90-day time bar in Rule 35(b), Defendant must show that "extraordinary circumstances" forgive the tardiness of his motion.[11] The Delaware Supreme Court has defined "extraordinary circumstances" as circumstances which: "'specifically justify the delay;' are 'entirely beyond a petitioner's control;' and 'have prevented the applicant from seeking the remedy on

---

[9] 11 *Del. C.* § 1447A(e). "Any sentence imposed upon conviction for possession of a firearm during the commission of a felony shall not run concurrently with any other sentence. In any instance where a person is convicted of a felony together with a conviction for the possession of a firearm during the commission of such felony, such person shall serve the sentence for the felony itself before beginning the sentence imposed for possession of a firearm during such felony." *Id.*

[10] *See* Rule 35(b). *See, e.g., State v. Diaz*, 113 A.3d 1081, 2015 WL 1741768, *3 (Del. 2015) (TABLE) (holding defendant's motion for modification of sentence was untimely because it was filed ten months after sentence).

[11] *See Colon v. State*, 900 A.2d 635, 638 (Del. 2006).

4

a timely basis.'"[12] This exception is not a plea for leniency nor does it permit "exceptional rehabilitation" to suffice for "extraordinary circumstances."[13]

6. The Court finds that Defendant's Motion fails to state grounds for "extraordinary circumstances" as required under Rule 35(b) where the motion exceeds the 90-day filing deadline. Nothing in support of his Motion meets his burden of proving the 90-day time bar is overcome in this case.

7. Defendant's Motion is also procedurally barred as repetitive. "A motion is 'repetitive' as that term is used in Rule 35(b) when it is preceded by an earlier Rule 35(b) motion, even if the subsequent motion raises new arguments."[14] Thus, Defendant's Motion—his third Rule 35 motion for the same sentence—is repetitive as that term is defined under Rule 35(b).

8. For the foregoing reasons, Defendant's Motion is time-barred, repetitive, and without merit under Rule 35.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT** Defendant's motion is **DENIED.**

---

[12] *Diaz*, 2015 WL 1741768, at *2 (quoting *State v. Lewis*, 797 A.2d 1198, 1203, 1205 (Del. 2002) (Steele, C.J., dissenting)).

[13] *See Morrison v. State*, 846 A.2d 238, 2004 WL 716773, at *1-2 (Del. 2004) (TABLE).

[14] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016) (citations omitted).

Judge Vivian L. Medinilla

cc:   Original – Prothonotary
Department of Justice
Investigative Services
Defendant